Determination of respondent New York State Department of Motor Vehicles, dated December 24, 2012, suspending petitioner’s driver’s license for 180 days, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carol E. Huff, J.], entered August 9, 2013), dismissed, without costs.
The determination that petitioner violated Traffic Rules and Regulations of the City of New York (34 RCNY) § 4-03 (a) (1) (i) by failing to yield the right of way at an intersection, which led to a pedestrian fatality, is supported by substantial evidence and has a rational basis in the record (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]).
Petitioner’s contention that the administrative law judge misconstrued and misapplied the traffic rule is without merit. The rule provides that a driver facing a green light “shall yield the right of way to other vehicles . . . lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited” (34 RCNY 4-03 [a] [1] [i]). It does not conflict with *639 Vehicle and Traffic Law § 1141, which requires left-turning drivers to “yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard.”
We have considered petitioner’s remaining contentions and find them without merit. Concur — Gonzalez, P.J., Sweeny, Moskowitz, Richter and Clark, JJ.